[Cite as *White v. French*, 2026-Ohio-3065.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| EVAN WHITE, | CASE NO. 2026-G-0005 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Chardon Municipal Court |
| AARON FRENCH, | |
| Defendant-Appellant. | Trial Court No. 2025 CV I 00942 |

## OPINION AND JUDGMENT ENTRY

Decided: August 10, 2026
Judgment: Affirmed

*Evan White*, pro se, 7759 Kenneth Drive, Concord, OH 44077 (Plaintiff-Appellee).

*Aaron French*, pro se, 11380 Kristine Drive, Chesterland, OH 44026 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Aaron French, appeals the judgment of the Chardon Municipal Court, finding him liable for damages of $2,337.00 arising from the rental of a Bobcat skid-steer loader from Appellee, Evan White.

{¶2} Appellant raises two assignments of error: (1) the trial court erred by entering judgment in favor of Appellee because the evidence was evenly balanced and Appellee failed to meet his burden of proof; and (2) Appellee failed to present competent, credible evidence of the condition of the skid-steer.

{¶3} Having reviewed the record and the applicable caselaw, we find Appellant's assignments of error to be without merit. This case involved two versions of events about

how damage to the skid-steer occurred and whether Appellant caused that damage. The trial court determined that Appellant was responsible for that damage, and we will not second guess that determination here.

{¶4}    Therefore, we affirm the judgment of the Chardon Municipal Court.

**Substantive and Procedural History**

{¶5}    On October 1, 2025, Appellee filed a Small Claims Complaint against Appellant in the Chardon Municipal Court claiming that Appellant had rented a Bobcat skid-steer from him and upon return, it was "badly damaged." Appellee sought damages of $3,508.87.

{¶6}    On December 11, 2025, the matter proceeded to trial before the magistrate.

{¶7}    Appellee testified that Appellant rented a Bobcat skid-steer on September 1, 2025. The parties did not sign a paper contract but exchanged text messages outlining their agreement. Appellee said he purchased the skid-steer brand new in 2025.

{¶8}    The parties did not conduct a pre-rental inspection of the vehicle. Appellant rented the skid-steer for three days. After the first day, Appellant texted Appellee to tell him that he broke the windshield wiper and the side window. Appellant said that he would be responsible for the damage.

{¶9}    On September 2, Appellee went to drop off attachments for the machine. He discovered additional damage, including

> cab seals on both sides of the machine were partially pulled out, a hydraulic hose was damaged, and then most importantly, the boom safety support had been ripped off and had fallen into the rear compartment of the frame, and then when he later lowered the boom, with that support inside, it crushed the piece and tore the machine's mainframe.

Case No. 2026-G-0005

According to Appellee, Appellant apologized in person and said he would pay for all the damages once Appellee provided invoices.

{¶10} On September 3, Appellee went to pick up the skid-steer. When he did, he noticed additional damage: "the bucket tilt sensor had been ripped off. The machine radio antenna was missing. Both hydraulic couplers were broken. Hydraulic fluid was all over the machine and then it was also leaking." Appellant was not present at the time, and Appellee talked to Appellant's wife. Shortly after, Appellant texted and denied responsibility for the damages.

{¶11} Appellee said the damages were $2,337.00 and submitted pictures, text messages, and an invoice. Appellant said that he did not have grounds to contest Appellee's damages other than that Appellee "only went to one shop" for an estimate of the repair cost. Appellant did not dispute that the skid-steer was damaged and was in need of repair. Instead, he argued that Appellee had not provided evidence that Appellant was the one who caused the damages Appellee identified to the court.

{¶12} Appellant said that he agreed in part with Appellee's testimony. He admitted to damaging the windshield, windshield wiper, and radio antenna. He said branches became entangled in the machine and caused that damage. He said he paid $965.00 to repair it. However, he denied responsibility for the remaining damage. He said there had been no pre-rental inspection and there was no way to establish whether or not he caused the damages.

{¶13} Appellee said damage rendered the boom lift inoperable and that Appellant would not have been able to use it if it had been delivered to him in that condition.

Case No. 2026-G-0005

Appellant disagreed with this characterization and said that the skid-steer operated well during the entire time he had it.

{¶14} The magistrate concluded the hearing by saying, "so I'm basically in a situation, I have one person's word against the other."

{¶15} On January 16, 2026, the magistrate issued a Magistrate's Decision recommending judgment in favor of Appellee in the amount of $2,337.00.

{¶16} On January 29, 2026, Appellant filed Objections to the Magistrate's Decision.

{¶17} On February 6, 2026, the trial court overruled Appellant's Objections to the Magistrate's Decision and entered judgment in favor of Appellee.

{¶18} Appellant timely filed the instant appeal raising two assignments of error.

**Assignments of Error and Analysis**

{¶19} Appellant's first assignment of error states: "The trial court erred in entering judgment for Plaintiff-Appellee where the evidence was found to be evenly balanced and Plaintiff failed to meet his burden of proof."

{¶20} Appellant's second assignment of error states: "The trial court erred in awarding damages without competent, credible evidence establishing the condition of the equipment at the time of delivery."

{¶21} "The civil manifest weight of the evidence standard is: '[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'" *DeCola v. Pete Wing Contracting, Inc.*, 2010-Ohio-2283, ¶ 95 (11th Dist.), quoting *C. E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

{¶22} "[W]e review the trial court's factual findings under the manifest weight standard of review, while the trial court's legal findings are reviewed de novo." *Ultimate Salon & Spa, Inc. v. Legends Constr. Group*, 2019-Ohio-2506, ¶ 30 (11th Dist.). "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. . . . Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Emphasis deleted.) *State v. Thompkins*, 1997-Ohio-52, ¶ 24, quoting *Black's Law Dictionary* (6th Ed. 1990). "'The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Id.* at ¶ 25, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶23} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C. E. Morris Co.* at syllabus. "[A] court of appeals [must] be guided by a presumption that the findings of the trier-of-fact were indeed correct. . . . The underlying rationale of giving deference to the findings of the [trier-of-fact] rests with the knowledge that the [trier-of-fact] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984).

{¶24} Appellant's first assignment of error argues that the trial court's judgment was in error because the evidence in this case was "evenly balanced" and "came down

to 'one word against the other.'" Because of this, he argues Appellee failed to prove his case by a preponderance of the evidence and the trial court should have ruled in his favor.

{¶25} Similarly, under his second assignment of error, Appellant challenges the trial court's conclusion that he caused the damage to the skid-steer. Although he acknowledged causing limited damages, his argument is that Appellee "failed to establish a reliable baseline condition of the skid steer at the time of delivery." Because no inspection, documentation, or other verification was provided, he asserts Appellee failed to prove that Appellant damaged the skid-steer.

{¶26} Both of Appellant's assignments of error revolve around the trial court's decision to believe Appellee's testimony rather than his own. It is axiomatic that "'the testimony of any one witness as to any material fact, believed by the trier of fact, is sufficient to prove any such fact.'" *State v. Unrue*, 2020-Ohio-6808, ¶ 16 (11th Dist.), quoting *State v. Jones*, 2007-Ohio-2425, ¶ 24 (2d Dist.). "'"When there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe."'" *State v. Janson*, 2016-Ohio-5671, ¶ 16 (11th Dist.), quoting *State v. Pedro*, 2012-Ohio-3674, ¶ 12 (7th Dist.), quoting *State v. Dyke*, 2002-Ohio-1152, ¶ 13 (7th Dist.). "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123 (1986).

{¶27} The trial court was in the best position to determine the credibility of the parties and to resolve any conflicts in the evidence. While the magistrate may have characterized the case as "one person's word against the other," that does not mean that

Case No. 2026-G-0005

the evidence was evenly balanced or that Appellee failed to prove his case. Instead, the trial court found Appellee's testimony about the cause of the damage to the skid-steer to be credible and entered judgment in Appellee's favor. Appellant has not identified how the trial court's judgment created a miscarriage of justice or was not supported by competent credible evidence. Instead, he merely argues that the trial court should not have been convinced by Appellee's evidence.

{¶28} This case involved one with two reasonable views of the evidence. The trial court ruled in favor of Appellee. It is not our role to substitute our judgment for that of the trial court in this circumstance. *See Awan* at 123.

{¶29} Accordingly, Appellant's assignments of error are without merit.

{¶30} For the foregoing reasons, the judgment of the Chardon Municipal Court is affirmed.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2026-G-0005

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgment of the Chardon Municipal Court is affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

JUDGE EUGENE A. LUCCI,
concurs

JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-G-0005